UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **YUN XIN LIN** | : | **CIVIL ACTION NO. 2:16-cv-1293** |
| B.O.P. # 78471-053 | | **SECTION P** |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| **USA ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM ORDER**

Before the court is a motion for miscellaneous relief filed by petitioner Yun Xin Lin ("Lin") through which he seeks prompt screening and service and an order prohibiting unreasonable interference with access to "those things needful for reasonable access to the courts." Doc. 11. He also wishes to be transferred from Reeves County Detention Center in Pecos, Texas, back to the Federal Correctional Institute in Oakdale, Louisiana, where he was incarcerated at the time he filed this suit. *Id.*; *see* doc. 1. We therefore construe this motion as a request for injunctive relief. *See* FED. R. CIV. P. 65.

As to the petitioner's first request, seeking prompt screening and service, we note that service has already been ordered on Lin's complaint. *See* doc. 8. This request is therefore moot. On the remaining requests, Lin does not show a right to injunctive relief.

"An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable harm." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976). A movant for a preliminary injunction must demonstrate each of the following: 1) a substantial likelihood of success on the merits; 2) a substantial threat that failure to grant the injunction will result in irreparable injury; 3) the threatened injury outweighs any damage that the injunction will

cause to the adverse party; and 4) the injunction will not have an adverse effect on the public interest. *Women's Med. Ctr. of Northwest Houston v. Bell*, 248 F.3d 411, 418–20 (5th Cir. 2001).

Access to the courts is protected by the First Amendment as part of the right to petition for redress of grievances. *Wilson v. Thompson*, 593 F.2d 1375, 1387 (5th Cir. 1979). This right extends to prisoners, who have a constitutional right of meaningful access to the courts. *Degrate v. Goodwin*, 84 F.3d 768, 768–69 (5th Cir. 1996). However, a prisoner will not be granted relief on an access to the courts violation unless he can show actual injury. *Lewis v. Casey*, 116 S.Ct. 2174, 2179 (1996). Accordingly, the Fifth Circuit holds that a prisoner must show actual injury in non-frivolous litigation based on the defendant's unconstitutional conduct in order to prevail on an access to the courts claim. *Ruiz v. United States*, 160 F3d 273, 275 (5th Cir. 1998); *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999).

A prisoner does not have a constitutional right to be housed in any particular facility. *Fuselier v. Mancuso*, 354 Fed. App'x 49 (5th Cir. 2009) (citations omitted). However, prison officials may not retaliate against an inmate for exercising his right to access the courts. *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995); *see Cardenas v. Young*, 655 Fed. App'x 183, 185–86 (5th Cir. 2016) (reviewing a retaliation claim under *Woods* in a *Bivens* action). A retaliatory act is actionable even if it might have been legitimate if taken for a different reason. *Woods*, 60 F.3d at 1165. However, given the potential of retaliation claims to disrupt the discharge of prison officials' duties, the Fifth Circuit cautions that such claims should be carefully and skeptically reviewed. *Id.* at 1166. Accordingly, conclusory allegations will not suffice and the plaintiff must instead produce direct evidence of retaliation or allege a chronology of events from which it might plausibly be inferred. *Id.*

Here Lin cannot show a likelihood (let alone a substantial one) of success on the merits of his access to the courts claim, as no injury has yet occurred. As soon as this court received an updated address for him, it provided him with documents pursuant to the memorandum order [doc. 8] directing service of his complaint. Therefore Lin also cannot show a likelihood of success for any transfer claim insofar as it relates to access to the courts. In support of his claim that the transfer was retaliatory, he only offers the following: "On information and belief the transfer of Plaintiff to another prison was retaliatory, in opposition to Plaintiff's filing of the instant lawsuit." Doc. 11, p. 2. Under the standards outlined above, this cursory allegation is insufficient to show a likelihood of success on the merits. Lin has therefore failed to show a right to injunctive relief for either request. The motion is therefore **DENIED**.

THUS DONE this 12th day of July, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE